BROWN SWEETSER *vs.* WILLIAM H. EATON & others.

One hour is allowed for the appearance of parties, at an adjournment, from one day to another, of the examination of a debtor who has been arrested on execution; and if the creditor appears at the time fixed, and remains more than an hour, and the debtor does not appear, and there is no adjournment or continuance of the hearing, the magistrate has no jurisdiction thereafter to hear the case or discharge the debtor.

CONTRACT on a recognizance, taken on July 10th 1865, under Gen. Sts. *c.* 124, § 10, with condition that William H. Eaton, who had been arrested on an execution in favor of the plaintiff

should within thirty days from the time of his arrest deliver himself up for examination, giving notice as therein provided, and duly appear, making no default, and abide the final order of the magistrate thereon.

The following facts were agreed in the superior court: Eaton gave to the plaintiff notice of his intention to take the oath for the relief of poor debtors, returnable July 10th 1865, at which time his examination was commenced before a commissioner, and adjourned to July 26th at nine o'clock in the forenoon. The plaintiff appeared on July 26th at nine o'clock in the forenoon, and remained for more than an hour thereafter; but neither Eaton nor any one in his behalf appeared till three o'clock in the afternoon. There was no adjournment or continuance; but at three o'clock Eaton appeared and said he understood that to be the hour fixed for the hearing, and, on the application of Eaton, and after notice to the plaintiff, (who, however, did not appear,) the commissioner on the 1st of August granted a discharge to Eaton.

On these facts, judgment was rendered in the superior court for the defendants; and the plaintiff appealed to this court.

*A. V. Lynde*, for the plaintiff.

*R. D. Smith*, for the defendants.

GRAY, J. If the debtor or his attorney had appeared within the hour which had been appointed by notice to the creditor for the examination, the magistrate might doubtless have kept open, postponed, or adjourned the hearing. Gen. Sts. *c.* 124, § 16. *Mann* v. *Mirick*, 11 Allen, 29. *Toll* v. *Merriam*, Ib. 395. Or he might perhaps have done so at the suggestion of the creditor, or upon his own motion. But after the hour had elapsed, without any appearance by or in behalf of the debtor, or continuance or adjournment of the hearing, and the creditor had attended during the whole hour and departed, the jurisdiction of the magistrate to act upon this notice was exhausted, and he could no longer exercise any powers as incidental to a jurisdiction which had ceased to exist. *Niles* v. *Hancock*, 3 Met. 572. *Hobbs* v. *Fogg*, 6 Gray, 251. *Russell* v. *Goodrich*, 8 Allen, 150. After such default, the debtor could be discharged, if at all

only upon a new notice in due form. The creditor was therefore justified in disregarding the notices of a motion to take off the default and of a further hearing upon the old notice. The taking off the default and resuming jurisdiction of the case were wholly unauthorized, and the subsequent discharge cannot avail the debtor or his sureties.

*Judgment for the plaintiff* [*]

---

[*] See also *Phelps* v. *Davis*, 6 Allen, 287.